[Cite as *State v. Brown*, 2012-Ohio-195.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                  :          C.A. CASE NO.    24297

v.                                      :          T.C. NO.    10CR922

ANTHONY L. BROWN                        :        (Criminal appeal from
                                                Common Pleas Court)

    Defendant-Appellant               :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of    January   , 2012.

. . . . . . . . . .

MELISSA M. REPLOGLE, Atty. Reg. No. 0084215, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, 2661 Commons Blvd., Suite 214, Beavercreek, Ohio 45431
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}** Defendant-appellant Anthony L. Brown appeals his conviction and sentence for

two counts of having a weapon while under disability, in violation of R.C. 2923.13(A)(2),

both felonies of the third degree. Brown filed a timely notice of appeal with this Court on October 13, 2010.

I

{¶ 2} The incident which forms the basis for the instant appeal occurred on March 24, 2010, when Parole Officer Andrew Siefring from the Ohio Adult Parole Authority (OAPA) received information from a confidential informant (CI) that Brown was in possession of a firearm in violation of the terms of his parole in Case No. 2007 CR 200, wherein he was previously convicted of aggravated robbery. Based on the information, Officer Siefring, accompanied by Parole Officer Timothy Jones, went to Brown's residence located at 19 Fountain Avenue in Dayton, Ohio.

{¶ 3} Upon arriving at the residence, the officers were greeted at the front door by a male teenager and an older female, later identified as Brown's younger brother and grandmother, respectively. Officer Siefring explained that he and Officer Jones were there to speak with Brown. Brown's brother or grandmother purportedly permitted the officers to enter the residence. They were advised that Brown was located in an upstairs bedroom. As they reached the top of the stairs, the officers encountered Brown coming out of a bedroom. Officer Siefring informed Brown that they had received information that he had a firearm, and they wanted to investigate the accusation. Officer Siefring handcuffed Brown and detained him in the hallway while Officer Jones went into the bedroom.

{¶ 4} Upon entering, Officer Jones observed a female in the bedroom who was not fully dressed. After allowing her the opportunity to dress, Officer Jones searched the bedroom and discovered a rifle standing in a purportedly open closet. Officer Jones

immediately exited the room and informed Brown of his *Miranda* rights. Officer Siefring entered the bedroom in order to conduct a more thorough search and discovered a small derringer-type firearm in a tennis shoe on the floor in the bedroom. Dayton Police Officers Mark Spiers and Susan Benge were called to the scene to assist the parole officers. Officer Spiers informed Brown of his *Miranda* rights for a second time, after which Brown admitted that his fingerprints would be found on the firearms, but the guns were not his. Brown was subsequently arrested and transported to jail by Officer Benge.

{¶ 5} On April 19, 2010, Brown was charged by indictment with two counts of having a weapon while under disability. At his arraignment on May 11, 2010, Brown stood mute, and the trial court entered a plea of not guilty on his behalf. Brown filed a motion to suppress on June 2, 2010. A hearing was held on said motion on June 25, 2010. On July 9, 2010, the trial court issued a written order overruling Brown's motion to suppress. Shortly thereafter, Brown pled no contest to both counts of having a weapon while under disability. On September 22, 2010, the trial court sentenced Brown to five years on each count to be served concurrently to each other, as well as concurrent with an eleven-year sentence in a separate conviction in a Case No. 2010 CR 1459/1.

{¶ 6} It is from this judgment that Brown now appeals.

II

{¶ 7} Brown's sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHEN THE STATE FAILED TO ESTABLISH THE CONSENTING PARTY FOR THE SEARCH HAD AUTHORITY OVER THE

PREMISES."

{¶ 9} In his sole assignment, Brown contends that the trial court erred when it denied his motion to suppress because the State failed to establish by a preponderance of the evidence that Officers Siefring and Jones gained valid consent before entering and searching Brown's residence. Brown also argues that no evidence was adduced at the hearing which established that he automatically consented to random warrantless searches of his residence by being placed on supervised parole with the OAPA.

{¶ 10} Upon review, it is apparent from the record that the trial court did not make any findings of fact pursuant to Crim. R. 12(F) before it overruled Brown's motion to suppress. Crim.R. 12(F) mandates that a trial court state its essential findings on the record when factual issues are involved in determining a motion to suppress. In order to invoke this provision, trial counsel must request the trial court to state its essential findings of fact on the record. *State v. Benner* (1988), 40 Ohio St.3d 301, 317. While it is error for the trial court to fail in providing requested findings of fact, is not prejudicial where the record provides an appellate court with a sufficient basis to review the assignments of error. Id. at 317-318. We note that Brown did not specifically request findings of fact; however, the record, standing alone, is insufficient to allow a full review of Brown's claims on appeal regarding his motion to suppress. Significantly, in the order overruling Brown's motion, the trial court indicates that its rationale was the facts and conclusions of law set forth on the record at the conclusion of the hearing, but no findings were actually made. Thus, the trial court has failed to provide us with a sufficient basis upon which to determine whether its decision was supported by competent, credible evidence.

{¶ 11} Brown's sole assignment of error is sustained.

III

{¶ 12} Brown's sole assignment of error having been sustained, his conviction is reversed, and the case is remanded to the trial court to make findings of fact and conclusions of law based on the evidence adduced at the suppression hearing. In the event the court again denies the motion to suppress, the court may reinstate the judgment entry of conviction.

. . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Melissa M. Replogle
Thomas M. Kollin
Hon. Mary Katherine Huffman