**[Cite as *State v. Velazquez*, 2016-Ohio-4782.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GENAR VELAZQUEZ | : | Case No. CT2015-0043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. CR2015-0011



JUDGMENT:                        Remanded



DATE OF JUDGMENT:                June 30, 2016



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GERALD V. ANDERSON II                     ERIC J. ALLEN
27 North Fifth Street                     713 South Front Street
P.O. Box 189                              Columbus, OH  43206
Zanesville, OH  43702-0189

*Farmer, P.J.*

{¶1}    On January 7, 2015, the Muskingum County Grand Jury indicted appellant, Genar Velazquez, on one count of possession of drugs in violation of R.C. 2925.11, one count of trafficking in drugs in violation of R.C. 2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24.  Said charges arose after a traffic stop wherein appellant was a passenger in the vehicle.  The vehicle was first stopped by Ohio State Highway Patrol Trooper Timothy Williamson in Madison County for a traffic violation.  A responding K-9 jumped up to the open passenger window of the vehicle.  The trooper let the vehicle go, and then decided the K-9 had alerted on the vehicle and he should have conducted a search.  Trooper Samuel Hendricks was called to be on the look-out for the vehicle.  Trooper Hendricks stopped the vehicle for traffic violations in Muskingum County.  A K-9 was called to the scene and alerted to the presence of drugs.  A subsequent search revealed two suitcases full of marijuana in the trunk of the vehicle.

{¶2}    On March 2, 2015, appellant filed a motion to suppress, claiming an illegal search of the vehicle.  Hearings were held on March 5, and May 11, 2015.  At the conclusion of the hearing, the trial court denied the motion.  The trial court never memorialized its decision via an entry.

{¶3}    A jury trial commenced on June 16, 2015.  The jury found appellant guilty as charged.  By entry filed August 11, 2015, the trial court sentenced appellant to an aggregate term of forty-two months in prison.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE APPELLANT'S MOTION TO SUPPRESS."

II

{¶6}    "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN R.C. 2929.14(C)(4)(a)-(c) APPLIED."

I

{¶7}    Appellant claims the trial court erred in denying his motion to suppress.

{¶8}    A review of the record reveals that the trial court did not memorialize its decision in writing via an entry.  The motion to suppress was heard in two different hearings, the first on March 5, 2015 and the second on May 11, 2015.

{¶9}    During the first hearing, Trooper Hendricks was the sole witness and referred to the first stop which had not been disclosed to appellant.  The trial court agreed defense counsel should be provided with information on the first stop.  March 5, 2015 T. at 21.  At the conclusion of this hearing, the trial court stated: "He had the right to stop the car.  There's no question that - - or anything raised that the dog didn't get there within a reasonable time of doing the ticket.  Therefore, the stop's okay."  *Id.* at 40.

{¶10} During the second hearing, the witnesses were Trooper Williamson, Trooper Michael Wilson, and Trooper Gerald March, who all testified about the first stop and subsequent call to Trooper Hendricks.  At the conclusion of this hearing, the trial court stated: "The Court will deny the suppression."  May 11, 2015 T. at 31.

{¶11} Pursuant to Crim.R. 12(F), "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." In order to invoke this provision, a defendant must request the trial court to state its findings of fact on the record. *State v. Benner,* 40 Ohio St.3d 301 (1988). "While it is error for the trial court to fail in providing requested findings of fact, it is not prejudicial where the record provides an appellate court with a sufficient basis to review the assignments of error." *State v. Brown,* 2nd Dist. Montgomery No. 24297, 2012-Ohio-195, ¶ 10, citing *Benner, supra,* at 317-318. We note appellant did not specifically request findings of fact; however, we find the record, standing alone, is insufficient to allow a full review of appellant's claims on appeal regarding his motion to suppress. "We find that [the] trial court has failed to provide us with a sufficient basis upon which to determine whether its decision was supported by competent, credible evidence." *State v. Brandon,* 5th Dist. Muskingum No. CT2014-0039, 2015-Ohio-2072, ¶ 12, citing *Brown, supra.*

{¶12} This matter is remanded to the trial court to make findings of fact and conclusions of law based on the evidence adduced at the suppression hearing. Said findings and conclusions shall be filed within thirty days from the filing date of this opinion and judgment entry, with notice given to this court of the filing.

{¶13} Based upon our remand for findings of fact and conclusions of law on the motion to suppress, Assignment of Error II is moot at this time.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 603