[Cite as *State v. Velazquez*, 2016-Ohio-5203.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GENAR VELAZQUEZ | : | Case No. CT2015-0043 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CR2015-0011


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      August 1, 2016


APPEARANCES:

For Plaintiff-Appellee

GERALD V. ANDERSON II
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

ERIC J. ALLEN
713 South Front Street
Columbus, OH 43206

*Farmer, P.J.*

{¶1}   On January 7, 2015, the Muskingum County Grand Jury indicted appellant, Genar Velazquez, on one count of possession of drugs in violation of R.C. 2925.11, one count of trafficking in drugs in violation of R.C. 2925.03, and one count of possession of criminal tools in violation of R.C. 2923.24.   Said charges arose after a traffic stop wherein appellant was a passenger in the vehicle.   The vehicle was first stopped by Ohio State Highway Patrol Trooper Timothy Williamson in Madison County for a traffic violation.   A responding K-9 jumped up to the open passenger window of the vehicle.   The trooper let the vehicle go, and then decided the K-9 had alerted on the vehicle and he should have conducted a search.   Trooper Samuel Hendricks was called to be on the look-out for the vehicle.   Trooper Hendricks stopped the vehicle for traffic violations in Muskingum County.   A K-9 was called to the scene and alerted to the presence of drugs.   A subsequent search revealed two suitcases full of marijuana in the trunk of the vehicle.

{¶2}   On March 2, 2015, appellant filed a motion to suppress, claiming an illegal search of the vehicle.   Hearings were held on March 5, and May 11, 2015.   At the conclusion of the hearings, the trial court denied the motion.   The trial court never memorialized its decision via an entry.

{¶3}   A jury trial commenced on June 16, 2015.   The jury found appellant guilty as charged.   By entry filed August 11, 2015, the trial court sentenced appellant to an aggregate term of forty-two months in prison.

{¶4}   Appellant filed an appeal, contesting the denial of his motion to suppress. This court remanded the matter to the trial court for findings of fact and conclusions of

law which the trial court filed on July 13, 2016. *See State v. Velazquez,* 5th Dist. Muskingum No. CT2015-0043, 2016-Ohio-4782. This matter is now before this court for consideration. Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE APPELLANT'S MOTION TO SUPPRESS."

II

{¶6}   "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES AS THE COURT FAILED TO ENGAGE IN THE REQUISITE THREE PART ANALYSIS REQUIRED TO SENTENCE A DEFENDANT TO CONSECUTIVE SENTENCES BY FAILING TO FIND THAT ANY OF THE THREE FACTORS LISTED IN R.C. 2929.14(C)(4)(a)-(c) APPLIED."

I

{¶7}   Appellant claims the trial court erred in denying his motion to suppress as there was insufficient probable cause to stop the vehicle, the stop was predicated on a "tip" via a previous stop in Madison County, and the stop was too lengthy an intrusion. We disagree.

{¶8}   There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the

trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶9} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id*. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶10} This case involves two separate stops, the first in Madison County and the second in Muskingum County. Both stops involved K-9 officers. During the first suppression hearing held on March 5, 2015, the first stop came to light. The trial court instructed the prosecutor to seek information on the first stop as it "may have been the predicate to this stop" and provide the information to defense counsel. March 5, 2015 T. at 21. The suppression hearing then continued on the Muskingum stop.

{¶11} Trooper Hendricks stated he pulled the vehicle over for failure to stay left while traveling through the city of Zanesville. *Id.* at 25. He admitted he was looking for the red vehicle with the California registration from the first stop. *Id.* at 19, 27. On redirect, Trooper Hendricks explained he pulled out behind the vehicle for "following too closely" to the vehicle in front, because otherwise he "wouldn't know until they drove all the way through Zanesville that they failed to get over to the left." *Id.* at 32. After stopping the vehicle and observing "nervous indicators" from the driver, Trooper Hendricks ran a records check and called for a K-9 unit. *Id.* at 13. It took ten minutes for the K-9 unit to arrive. *Id.* During this time, Trooper Hendricks was working on the citation, running the records check, and typing out the driver's information because the driver had a license from the state of Delaware. *Id.* at 13-14. The K-9 alerted to the vehicle. *Id.* at 15. The entire stop lasted approximately twenty minutes. *Id.* at 14-15.

{¶12} At the end of the hearing, defense counsel explained his issue was with the first stop in Madison County. *Id.* at 38. He did not have an issue with the K-9's qualifications or reliability with the Muskingum County stop. *Id.* The trial court stated, "unless there's some issues with the other stop, the Court is going to rule in your [appellee] favor." *Id.* at 40. The trial court explained (*Id.*):

Because, obviously, there's no refuting that the testimony was they were following too close and they didn't get over. He had the right to stop the car. There's no question that - - or anything raised that the dog didn't get there within a reasonable time of doing the ticket. Therefore, the stop's okay.

\*\*\*

But if there's something hinky about how the stop was made because of what happened over there, then that's another issue.

{¶13} Defense counsel indicated he was fine with that. *Id.* at 40-41.

{¶14} The second suppression hearing was held on May 11, 2015, wherein Troopers Williamson, Michael Wilson, and Gerald March testified to the first stop. Trooper Williamson explained he pulled the vehicle over for speeding. May 11, 2015 T. at 12. Trooper March observed the stop and stopped to assist with his K-9 officer. *Id.* at 23. The K-9 walked around the vehicle, showed a "change of behavior," and put his paws on the window, looking inside the vehicle. *Id.* at 18, 24-25. The vehicle was not searched and the troopers let the vehicle leave. *Id.* at 15, 19, 25. Thereafter, the troopers determined the K-9's response was an "alert" and because Trooper Williamson believed "there was possibly criminal activity that was continued down the roadway," called Trooper Wilson and explained the situation for "somebody down the way" out east. *Id.* at 5-6, 8, 15, 18-19, 27. Trooper Wilson in turn called Trooper Hendricks and alerted him to a red vehicle with California plates. *Id.* at 8-9; March 5, 2015 T. at 18-19.

{¶15} In its findings of fact and conclusions of law filed July 13, 2016, the trial court stated the following:

> After the first and second day of suppression hearings the defense counsel stated that the stop of the vehicle in Muskingum County was valid and the dog sniff and search were also valid. The sole issue raised was that the car in which Mr. Velazquez was riding in should not be permitted to be stopped twice in the same day even though there is not an argument that there wasn't a traffic violation which caused the second stop. No legal authority was presented to establish this argument of counsel therefore the motion to suppress is denied.

{¶16} The tip received by Trooper Hendricks indicated a red vehicle with California plates was traveling eastbound on I-70 and was suspected of containing drugs. The record clearly demonstrates Trooper Hendricks observed two minor traffic violations by a red vehicle with California plates. We find there were observable traffic violations that gave rise to the stop. We further find the amount of time for the K-9 unit to arrive was a reasonable length of time and did not prolong the stop, as Trooper Hendricks was still in the process of issuing a citation. *See State v. Batchili,* 113 Ohio St.3d 403, 2007-Ohio-2204.

{¶17} Upon review, we find the trial court did not err in denying the motion to suppress.

{¶18} Assignment of Error I is denied.

II

{¶19} Appellant claims the trial court erred in sentencing him to consecutive sentences.  We disagree.

{¶20} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶21} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such

certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶22} R.C. 2929.14(C)(4) governs consecutive sentences and states the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶23} Appellant was convicted on three counts, two felonies of the third degree and one a felony in the fifth degree. By entry filed August 11, 2015, the trial court merged the two felonies of the third degree and sentenced appellant to thirty month on that count and twelve months on the remaining count, to be served consecutively for a total term of forty-two months in prison.

{¶24} During the sentencing hearing, the trial court noted appellant had three prior felony convictions in 2007, 1999, and 1998, and he was "transporting drugs from Las Vegas to either Philadelphia or Delaware depending upon which story came through." August 10, 2015 T. at 6-7. In ordering the sentences to be served consecutively, the trial court stated the following (*Id.* at 7):

The Court finds this to be necessary based upon your criminal history which shows a propensity and to protect the public from any future crimes you may commit. The Court also finds it is not disproportionate to the seriousness of the conduct and the danger you pose to the public.

The multiple offenses were committed during the course of conduct that you engaged in, and you did so knowingly as well as with your accomplice that you had with you whose whole trial is yet to come up.

{¶25} The trial court echoed these findings in its judgment entry filed August 11, 2015, and again noted "Defendant has three (3) prior felony convictions." We find the trial court complied with *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus, and R.C. 2929.14(C)(4) in ordering consecutive service.

{¶26} Upon review, we do not find clear and convincing evidence that the trial court violated R.C. 2953.08(G)(2)(a) or (b) in sentencing appellant.

{¶27} Assignment of Error II is denied.

{¶28} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg 720