[Cite as *State v. Gwynne*, 2017-Ohio-7570.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J |
| -vs- | : | |
| | : | |
| SUSAN GWYNNE | : | Case No. 16 CAA 12 0056 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 16-CR-I-06-0271




JUDGMENT:                               Reversed and Remanded




DATE OF JUDGMENT:                       September 11, 2017




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

AMELIA BEAN-DEFLUMER                    DAVID H. BIRCH
140 North Sandusky Street               286 South Liberty Street
Delaware, OH  43015                     Powell, OH  43065

*Wise, Earle, J.*

{¶1}   Defendant-Appellant Susan Gwynne appeals the November 8, 2016 judgment of conviction and sentence of the Court of Common Pleas of Delaware County. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶2}   In January 2016, Delaware County Sherriff's Deputies were dispatched to The Inn at Olentangy Trail, a senior living facility. Three residents reported their rooms had been entered and items were stolen. Video surveillance showed appellant, dressed in scrubs, entering the rooms. She began her tour with a large handbag that appeared empty, and ended with a bulging handbag.

{¶3}   Images from the video were released to the public and tips led to the identification of appellant as the woman in the video.

{¶4}   Thereafter, a GPS unit was placed on appellant's car. The GPS data revealed appellant traveling to Sunrise of Dublin, another senior living facility. When appellant traveled to Sunrise of Dublin a second time, Dublin police officers responded to the scene. They discovered appellant carrying a large empty purse, and wearing scrubs, displaying a Griswold Home Health badge. She could not identify a patient she was present to see.

{¶5}   As a result of this investigation, a search warrant for appellant's home was obtained and executed. Officers executing the search warrant discovered seven large storage bins and a dresser filled with stolen property – more than 3,000 items. These items included jewelry, credit cards, dog tags, military medals, family photos, baby bracelets and other mementos.

{¶6}    Detectives sorted through the items and were able to identify 46 victims. It was further determined that the items were stolen from at least 12 different nursing homes and assisted living facilities in both Delaware and Franklin counties over the course of eight years. Detectives were unable to connect all of the property to its rightful owners.

{¶7}    During part of appellant's spree, she was employed as a nurse's aide. After she was fired for suspicion of theft, however, she continued to dress as a nurse's aide, in order to enter nursing homes and steal from residents while appearing to be a legitimate employee.

{¶8}    On June 15, 2016, the Delaware County Grand Jury returned an indictment charging appellant with 31 counts of burglary in violation of R.C. 2911.12(A)(2), 43 counts of theft in violation of 2913.02(A)(1), 15 counts of receiving stolen property in violation of R.C. 2913.51(A), and 12 counts of possessing criminal tools in violation of R.C 2923.24(A). The charges spanned a time period from 2008 to 2016.

{¶9}    On September 21, 2016, following negotiations with the state, appellant elected to  enter pleas of guilty to 17 counts of burglary, felonies of the second degree, 4 counts of theft, felonies of the third degree, 10 counts of theft, felonies of the fourth degree, and 15 counts of receiving stolen property, misdemeanors of the first degree. In exchange for appellant's pleas, the state agreed to dismiss the remaining 55 counts and recommend a presentence investigation (PSI). Appellant agreed to pay restitution and waive her right to appeal the outcome of the matter.[1]

---

[1]Because there was no agreement as to sentence in this matter, we find appellant has not waived her right to appeal her sentence. *State v. Fry,* 5th Dist. Delaware No. 10CAA090068, 2011-Ohio-2022 ¶ 8-13.

{¶10} At the change of plea hearing, appellant admitted that she had been stealing from nursing home residents since 2004, four years earlier than the earliest charge in the indictment. Some residents she knew and worked with, others she did not. She claimed a cocaine habit was to blame, and that she took cash as well as other items to sell to support her habit.

{¶11} At the sentencing hearing held on November 7, 2016, the trial court indicated it had reviewed the PSI, sentencing memoranda from the state and appellant, as well as the victim impact statements. The state recommended 42 years incarceration. Counsel for appellant advocated for intensive supervision community control, and a period of time in a community based correctional facility.

{¶12} After considering all of the applicable sentencing statutes, and making all of the required findings, the trial court imposed a sentence of three years for each of the 15 second degree felony burglaries, 12 months for each of the third degree felony thefts, 12 months for each of the fourth degree felony thefts, and 180 days for each first degree misdemeanor receiving stolen property. The court ordered appellant to serve the felony sentences consecutively, and the misdemeanor sentences concurrently for an aggregate of 65 years incarceration. Sentencing Judgment Entry filed November 8, 2016. Appellant did not object to her sentence.

{¶13} Appellant was 55 years old at the time of her sentencing. Sent. Tr. 20.

{¶14} Appellant subsequently filed this appeal, and the matter is now before this court for consideration. Assignments of error is are follows:

I

{¶15}  "THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A PRISON SENTENCE IN CONTRAVENTION OF THE SENTENCING STATUTES."

II

{¶16}  "THE TRIAL COURT ERRED BY IMPOSING A SIXTY FIVE YEAR SENTENCE IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTIONS PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT."

I

{¶17}  In her first assignment of error, appellant argues the trial court sentenced her in contravention of sentencing statutes. Appellant does not, however, argue the court failed to make the appropriate findings. Instead, she disagrees with the trial court's seriousness and recidivism findings pursuant to R.C. 2929.11 and 2929.12, as well as the trial court's consecutive sentence findings pursuant to R.C. 2929.14(C)(4). Appellant argues the trial court's findings were erroneous, and consecutive sentences were not appropriate. While we find consecutive sentences appropriate, we agree that the record does not support the trial court's sentence under R.C. 2929.11 and 2929.12.

{¶18}  When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). That section specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or

"the sentence is otherwise contrary to law." *See State v. Velazquez*, 5th Dist. Muskingum No. CT2015-0043, 2016-Ohio-5203, ¶ 20.

{¶19} R.C. 2953.08(G)(2)(a) specifically mentions R.C. 2929.13, 2929.14(B)(2)(e) and (C)(4), and R.C. 2929.20(I), but is silent as to R.C. 2929.11 and 2929.12, the seriousness and recidivism factors. Recently, in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23, the Supreme Court of Ohio addressed R.C. 2953.08(G)(2)'s omission of the factors under R.C. 2929.11 and 2929.12 as follows:

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

{¶20} Thus "*Marcum* found an appellate court may increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter to the sentencing court for resentencing if the record does not support the sentencing court's findings under the revised code sections enumerated in R.C. 2953.08(G)(2),  as well as under R.C. 2929.11 and 2929.12." *State v. Jones*, 8th Dist. Cuyahoga Nos. 103290, 103302, 2016-Ohio-7702, ¶ 102.

{¶21} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Velazquez, supra,* at ¶ 21, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. In the instant matter, we find by clear and convincing evidence the sentences herein are contrary to law.

{¶22} R.C. 2929.11(A) provides:

The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶23} R.C. 2929.11(B) states:

A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the

seriousness of the offender's conduct and its impact upon the victim, similar offenders.

{¶24} R.C. 2929.12 outlines the seriousness and recidivism factors to be considered by the sentencing court when fashioning a sentence that comports with the goals of R.C. 2929.11.

{¶25} We do not minimize the seriousness of appellant's conduct. On this record, however, we find the stated prison term of 65 years does not comply with the purposes and principals of felony sentencing.

{¶26} Under R.C. 2929.12(B), relevant factors indicating appellant's conduct is "more serious," three of nine factors apply. Under R.C. 2929.12(C) "less serious," one of four factors apply in that appellant did not cause or threaten physically harm to any person or property.

{¶27} Under R.C. 2929.12(D) "likely to commit future crimes," we find none of the five factors apply. Under R.C 2929.12(E), "not likely" to commit future crimes, although the PSI has not been included for our review, the trial court at the sentencing hearing indicated appellant's prior record contained only misdemeanors and those were "very minor ones," and "[appellant] had no record of juvenile delinquency activity." Sent. Tr. 23-25. Additionally, the court indicated that "the computerized risk assessment tool," (presumably in the PSI) "put the Defendant in the low to moderate risk category for likelihood of reoffending." Sent. Tr. 26.

{¶28} In this case the appellant was charged with an inordinate number of theft offenses, over one hundred counts. She reached an agreement with the state to plead

guilty to 31 felony counts and 15 misdemeanor counts. Plea Hearing Tr. 3-28. There was no agreement reached with the state as to a joint recommendation on sentence. Appellant had no prior felony offenses and only a minor adult misdemeanor record. She took responsibility for her actions and pled guilty. At her plea hearing appellant admitted her guilt. In fact she was truthful with the court to such a degree that she told the court about previously unknown and uncharged theft offenses dating back to 2004. The earliest indicted offense was count 50, which occurred sometime between the dates of April 1, 2008, and September 17, 2015. There is no indication anywhere in the record that any victim was physically harmed, threatened with harm, or even ever present during the offenses.

{¶29} A sentence of 65 is plainly excessive. It can be affirmatively stated that a 65 year sentence is a life sentence for appellant. Even a sentence of 20 years, considering the purposes and principles of sentencing and weighed against the factual circumstances of this case, would seem excessive.

{¶30} The sentence is an emotional response to very serious and reprehensible conduct. However, the understandably strong feelings must be tempered by a sanction clearly and convincingly based upon the record to effectuate the purposes of sentencing. The sentence imposed here does not do so. It is disproportionate to the conduct and the impact on any and all of the victims either individually or collectively. It runs the risk of lessening public respect for the judicial system. The imposition of a 65 year sentence for a series of non-violent theft offenses for a first-time felon shocks the consciousness. We therefore find by clear and convincing evidence that the record does not support the sentence.

{¶31} We agree, however, with the trial court's findings relating to the necessity of a prison sentence, and that consecutive sentences are warranted.

{¶32} We therefore modify appellant's sentence pursuant to R.C. 2953.08(G)(2) as follows:

{¶33} In regard to the offenses of burglary in violation of Section 2911.12(A)(2) of the Ohio Revised Code, each being a felony of the second degree as charged in Counts 1, 4, 6, 17, 21, 23, 25, 28, 30, 32, 42, 45, 53, 63, 69, 71, and 88, we order that appellant be sentenced to 3 years on each count as previously ordered by the trial court. However, we order that Counts 1, 4, and 6 be served consecutively to each other and concurrently with Counts 17, 21, 23, 25, 28, 30, 32, 42, 45, 53, 63, 69, 71, and 88, for a term of nine years of incarceration for these counts.

{¶34} In regard to the offenses of theft in violation of Section 2913.02(A)(1) of the Ohio Revised Code, each being a felony of the fourth degree as charged in Counts 10, 13, 16, 20, 35, 40, 48, 50, 52, and 56, we order that appellant be sentenced to 12 months on each count as previously ordered by the trial court. However, we order that Counts 10, 13, and 16 be served consecutively to each other and concurrently with Counts 20, 35, 40, 48, 50, 52, and 56, for a term of three years of incarceration for these counts.

{¶35} In regard to the offenses of theft in violation of Section 2913.02(A)(1) of the Ohio Revised Code, each being a felony of the third degree as charged in Counts 37, 58, 61, and 67, we order that appellant be sentenced to 12 months on each count as previously ordered by the trial court. However, we order that Counts 37, 58, and 61 be served consecutively to each other and concurrently with Count 67, for a term of three years of incarceration for these counts.

{¶36}  In regard to all misdemeanor counts of receiving stolen property, we make no modification.

{¶37}  Finally, we order that Counts 1, 4, 6, 10, 13, 16, 37, 58, and 61 be served consecutively to each other for an aggregate term of 15 years of incarceration. Given the facts of this case, we find 15 years incarceration consistent with the principles and purposes of sentencing.

II

{¶38}  In her second assignment of error, appellant argues her sentence constitutes cruel and unusual punishment in violation of her Eighth Amendment protections. Given our disposition of her first assignment of error, we do not reach the merits of this assignment of error as it is moot.

III

{¶39} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed, and the matter is remanded to said court for the purpose of resentencing, with instructions to modify appellant's sentence in accordance with this opinion.

By Wise, Earle J.

Delaney, P.J. and

Baldwin, J. concur.