[Cite as *State v. Smith*, 2019-Ohio-1439.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                   No. 107381

    v.                           :

EDWARD E. SMITH,                  :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-626001-A

### *Appearances:*

Paul W. Flowers Co., L.P.A., Louis E. Grube, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, Lindsay Raskin, Assistant Prosecuting Attorney, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Edward E. Smith appeals from a sentence of 15 months of prison imposed by the Cuyahoga County Common Pleas Court for his conviction of domestic violence. He argues the lengthy sentence for his offense is not clearly and

convincingly supported by the record. After a careful review of the applicable law and the record, we affirm the trial court's judgment.

**Substantive and Procedural Facts**

{¶ 2} Smith's adult son died of a seizure in August 2018, and within a very short time, Smith's mother died of a heart attack. When the family gathered to make arrangements for their funerals, Smith and his sister Syreeta Smith had a verbal altercation over who should have the custody of Smith's younger son, who had been in the custody of Smith's mother before she died. The altercation turned violent, and Smith bit his sister on the cheek, leaving a perceptible bite mark under her left eye. As she drove away with his son and another passenger in her car, Smith threw a brick at her vehicle.

{¶ 3} Smith was charged with third-degree felony domestic violence (in violation of R.C. 2919.25(A)) and first-degree misdemeanor criminal damaging. Upon his request, the trial court had him evaluated by the court's psychiatric clinic to determine whether he was competent to stand trial. After he was found competent, he pleaded not guilty to the charges but subsequently pleaded guilty to fourth-degree felony domestic violence and first-degree misdemeanor criminal damaging.

{¶ 4} After the trial court accepted his guilty plea, Smith waived the PSI and the court proceeded to sentence him. The court imposed a sentence of a 15-month prison term for domestic violence and 112 days of jail time for criminal damaging, to be served concurrently, and gave him 112 days of jail-time credit.

**{¶ 5}** On appeal, Smith assigns two errors for our review:

The findings made by the trial court pursuant to R.C. 2929.11 and 2929.12 in support of the defendant's lengthy sentence clearly and convincingly lack support in the record.

If R.C. 2953.08(G)(2)(a) entirely forecloses review of findings made pursuant to R.C. 2929.11 and 2929.12, the statute violates the due process clauses of the Ohio and United States Constitutions.

**Felony Sentence Review: R.C. 2929.11 and 2929.12**

**{¶ 6}** In reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly" find that the record does not support the sentencing court's statutory findings under certain statutes (not relevant in this appeal) or the sentence is "otherwise contrary to law."

**{¶ 7}** Under the precedents from this court, a sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See, e.g., State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 14, and *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

**{¶ 8}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender using the minimum sanctions that the court

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the sentence imposed shall be "reasonably calculated" to achieve these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 9} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the trial court is to consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *See, e.g., State v. Hamilton*, 8th Dist. Cuyahoga No. 102870, 2016-Ohio-1376, ¶ 14. However, the trial court is vested with full discretion to determine the weight to assign a particular statutory factor under R.C. 2929.12, *State v. Fisher*, 10th Dist. Franklin No. 13AP-995, 2014-Ohio-3887, ¶ 16; and *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 14.

{¶ 10} The seriousness factors include the physical or mental injury suffered by the victim, the offender's relationship with the victim, and whether there are substantial grounds to mitigate the offender's conduct. R.C. 2929.12(B) and (C). The recidivism factors include any relevant factors that indicate whether an offender is likely to commit future crimes, such as the offender's prior criminal history, the offender's drug or alcohol abuse, whether the offender responded to previously imposed sanctions, and whether the offender demonstrated remorse for the offense. R.C. 2929.12(D) and (E).

{¶ 11} R.C. 2929.11 and 2929.12 are not fact-finding statutes, and therefore, although the sentencing court has a mandatory duty to consider the statutory factors under R.C. 2929.11 and 2929.12, it is not required to make any factual findings under R.C. 2929.11 or 2929.12. *See, e.g., State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 16, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors sufficiently fulfills its obligations under R.C. 2929.11 and 2929.12. *See e.g., State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.), and *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 11.

**Analysis**

{¶ 12} In this case, Smith was convicted of a fourth-degree felony, which subjected him to a range of 6 to 18 months of prison time. R.C. 2929.14(A)(4). His 15-month term is within the statutory range. Furthermore, the trial court stated in its journal entry that it considered all required factors of the law and prison is consistent with the purpose of R.C. 2929.11. Therefore, Smith's sentence is not "contrary to law." Although the trial court here did not make express findings under R.C. 2929.11 or 2929.12 on the record, it was not required to.

{¶ 13} Smith argues the lengthy prison term imposed by the trial court for his fourth-degree felony offense cannot be supported by the record under the seriousness and recidivism factors set forth in the statute.

{¶ 14} We are aware that this court, in *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), held that pursuant to *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23, the appellate court's scope of review also includes reviewing the record to determine if the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. However, *Jones* has been accepted by the Supreme Court of Ohio for review and held for that court's review of *State v. Gwynne*, 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570. *State v. Jones*, 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260. The issue in these two cases to be decided by the Supreme Court of Ohio is whether R.C. 2953.08(G)(2) allows a court of appeals to review the trial court's findings made pursuant to R.C. 2929.11 and 2929.12.

{¶ 15} Even if we apply *Marcum* as interpreted by *Jones* and review the record, we do not find by clearly and convincing evidence that the record does not support the sentence pursuant to the felony sentence principles and factors set forth in R.C. 2929.11 and 2929.12. The record reflects that, before sentencing him, the trial court heard from the prosecutor, the defense counsel, and the victim. Smith's fiancée and Smith himself also addressed the court.

{¶ 16} The prosecutor reported that Smith has a 41-page criminal history and submitted as exhibits journal entries reflecting Smith's five prior convictions of

domestic violence between 2000 and 2014. Smith's sister, the victim, made the following statement:

> My brother's actions — his record speaks for itself. * * *
>
> He is a demon in my eyes. He will never change. This attitude is not because he lost his mother or his son within a 24 hour period. This has been Edward since the age of 15, 16 years old. This is who he is.
>
> * * *
>
> He has done nothing but torture my family. My mother, after a double transplant, he tripped her after a double transplant, kidneys, and liver. He tripped her on the ground, and didn't have * * * one regard for her health and her safety.
>
> He is nothing to me. He has terrorized my father. * * * [W]e don't allow him to know where we live * * * because we don't feel safe around him. As long as Edward is walking the streets, he is a threat to myself, his son, and my family.
>
> The day that the altercation occurred, he grabbed the child and ran with him, my nephew. We had to trick him to make him bring back my nephew.

{¶ 17} The prosecutor noted Smith's inability to control his temper and anger as he has shown throughout the sentencing hearing and also stressed Smith's lengthy criminal history, which included multiple convictions of domestic violence and repeated parole violations.

{¶ 18} Smith's counsel, on the other hand, asked the court to take into consideration the circumstances leading to the instant domestic violence incident. It occurred within a short time of his son's and mother's deaths. The day before the incident, Smith, who has mental health issues involving bipolar disorder and depression, was at a hospital for problems relating to his mental health. Counsel

also noted that Smith has been diagnosed with substance abuse, which caused agitations he frequently exhibited. Counsel reported Smith had applied for assistance to address his mental health issues. As to the harm sustained by the victim, counsel noted that the photograph of the bite mark on the victim's face indicated her injury was not severe. Smith's fiancée also made a statement on his behalf, asking the court to take into account Smith's mental health issues.

{¶ 19} Smith himself addressed the court pleading for leniency, emphasizing that he has not been in trouble with the law since he was released from prison in mid-2015 after serving a 9-month term for a domestic violence conviction and that he has been gainfully employed. He was puzzled by his sister's depiction of him as a bad guy and asked for the court's help in addressing his mental health problems.

{¶ 20} Before imposing the 15-month prison term, the court noted that it reviewed an old PSI associated with Smith's domestic violence conviction in 2006 to learn about his family history and past criminal record. The court also stated it took into consideration the remarks by the prosecutor and the defense counsel, as well as the others who had addressed the court.

{¶ 21} Thus, the record before us contains ample evidence that Smith repeatedly committed domestic violence against women, undeterred by the punishments he received for his offenses. While there were mitigating factors such as his poor mental health, which was exacerbated by his son's and his mother's passing, the recidivism factor weighed heavily against a shorter sentence. Based on this record, we are unable to find by clear and convincing evidence that the record

does not support Smith's 15-month prison term under R.C. 2929.11 and 2929.12. The first assignment of error is without merit.

{¶ 22} Under the second assignment of error, Smith advances a due process argument. He claims that, while the existing case law precedents do not require the appellate court to review the findings made by the trial court in support of a criminal sentence, the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Due Course of Law Clause in Article I, Section 16 of the Ohio Constitution both provide a criminal defendant a right to an appellate review of findings made by the trial court in support of a sentence. Smith, however, acknowledges that we, as an intermediate appellate court, are bound by the existing precedents from the United States Supreme Court and the Supreme Court of Ohio. He advances the due process argument only to preserve the issue in the event that the Ohio Supreme Court agrees with the state's position in *Gwynne,* 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570, and *Jones,* 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260. In any event, we have concluded in the first assignment of error that we do not find by clear and convincing evidence that the record does not support Smith's sentence pursuant to the felony sentence principles and factors enumerated in R.C. 2929.11 and 2929.12. Smith's second assignment of error is overruled.

{¶ 23} For the foregoing reasons, we affirm the judgment of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR