[Cite as *State v. Fisher*, 2014-Ohio-3887.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | No. 13AP-995 |
| | | (C.P.C. No. 12CR-06-3224) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Daniel J. Fisher, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 9, 2014

*Ron O'Brien*, Prosecuting Attorney, *Michael P. Walton* and *Valerie Swanson*, for appellant.

*Meek & Thomas Co., LPA*, and *David H. Thomas*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state"), appeals the November 1, 2013 judgment of the Franklin County Court of Common Pleas resentencing defendant-appellee, Daniel J. Fisher ("appellee"). For the reasons that follow, we reverse and remand the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} In July 2012, a Franklin County Grand Jury indicted appellee on one count of felonious assault, a felony of the second degree. After appellee entered a plea of guilty to the charge, the trial court accepted appellee's guilty plea, found him guilty, placed him on community control for three years, and ordered him to pay restitution and a fine. The trial court also sentenced appellee to 90 days in the county jail to run concurrently with a jail sentence in a separate case.

{¶ 3}   On September 19, 2013, we reversed appellee's sentence, finding the trial court failed to make findings required pursuant to R.C. 2929.13(D)(2) in order to overcome the statutory presumption of imprisonment for a first or second-degree felony. *State v. Fisher*, 10th Dist. No. 13AP-236, 2013-Ohio-4063, ¶ 8.

{¶ 4}   On October 30, 2013, the trial court held a resentencing hearing.  Following arguments from the state and appellee, the trial court sentenced appellee to three years of community control with conditions in addition to restitution, costs, and a fine.  On November 1, 2013, the trial court filed a judgment entry reflecting the October 30, 2013 sentence.

## II. Assignments of Error

{¶ 5}   Appellant appeals assigning the following three errors for our review:

> I. The trial court erred in imposing community control when it failed to make the full required findings for overcoming the presumption of prison.
>
> II. The trial court engaged in the incorrect analysis to overcome the presumption in favor of prison, and the findings the trial court did make are not supported by the record.
>
> III. The trial court's imposition of community control is contrary to law, as defendant cannot overcome the presumption in favor of a prison term.

Because the state's first and second assignments of error are interrelated, we will address them jointly.

## III. First and Second Assignments of Error—Whether Trial Court's Findings in Error

{¶ 6}   The state asserts that the trial court erred by sentencing appellee to community control without making findings required under R.C. 2929.13. The state also asserts the record does not support the trial court's findings as required by R.C. 2953.08(G)(2)(a). Appellee responds that the trial court made findings sufficient to overcome the presumption of prison and that the record clearly and convincingly supports the findings of the trial court.

*A. Standard of Review*

{¶ 7}   The state brings this appeal pursuant to R.C. 2953.08(B), which provides that the state "may appeal as a matter of right a sentence imposed upon a defendant * * * on any of the following grounds: (1) The sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed." R.C. 2953.08(G) provides the standard of review for appeals brought under R.C. 2953.08(B):

> (1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13 * * * of the Revised Code, relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13 * * *;

> (b) That the sentence is otherwise contrary to law.

Thus, an appeal under R.C. 2953.08(G) requires us to determine: (1) whether the trial court expressly made the required findings, and (2) whether we determine by clear and convincing evidence that the record does not support those findings or is otherwise contrary to law. *See State v. Milhoan*, 10th Dist. No. 13AP-74, 2014-Ohio-310, ¶ 16 ("*Milhoan II.*").

{¶ 8}   "Clear and convincing evidence is that evidence 'which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established.' " *State v. Kendrick*, 10th Dist. No. 98AP-1305 (Sept. 30, 1999), quoting *Cincinnati Bar Assn. v. Massengale*, 58 Ohio St.3d 121, 122 (1991). *See also State v. Eppinger*, 91 Ohio St.3d 158, 164 (2001) (" '[Clear and convincing evidence] is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.' "), quoting *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954); *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 25. Applying this standard when reviewing a sentence imposed by the trial court requires us to " 'look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law.' " *Id.* at ¶ 19, citing *State v. Vickroy*, 4th Dist. No. 06CA4, 2006-Ohio-5461, ¶ 16 (alterations in *Burton* omitted).

*B. Applicable Law*

{¶ 9} Pursuant to R.C. 2929.13(D)(1), "for a felony of the first or second degree, * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." The trial court may overcome this presumption in favor of prison time and impose community control instead of a prison term if the court makes both of the following findings set forth in R.C. 2929.13(D)(2)(a) and (b):

> (a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
>
> (b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶ 10} The trial court must make both findings under R.C. 2929.13(D)(2)(a) and (b) before it may deviate from the presumption in favor of imposition of a prison term. *State v. Milhoan*, 10th Dist. No. 12AP-61, 2012-Ohio-4507, ¶ 6 ("*Milhoan I*"). " 'These findings must be made at the sentencing hearing.' " *Milhoan II* at ¶ 6, quoting *Fisher* at ¶ 7. Although the enactment of 2011 Am.Sub.H.B. No. 86, effective September 30, 2011, removed the requirement for the trial court to articulate its reasons for making findings under R.C. 2929.13(D)(2), the record of the sentencing proceedings nonetheless must still reflect that the trial court did make the statutorily required findings. *Milhoan II* at ¶ 6; *Fisher* at ¶ 6; *compare* former R.C. 2929.19(B)(2)(b) and *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 23.

{¶ 11} When considering a downward deviation in sentencing pursuant to R.C. 2929.13(D)(2), the trial court must consider the applicable factors as defined under R.C. 2929.12. Regarding the seriousness of the offense, R.C. 2929.12(B) specifies the "more serious" factors, as follows:

> The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
>
> (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
>
> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
>
> (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
>
> (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
>
> (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
>
> (6) The offender's relationship with the victim facilitated the offense.

(7) The offender committed the offense for hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

R.C. 2929.12(C) specifies the less serious factors, as follows:

The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

{¶ 12} Regarding the likelihood of recidivism, R.C. 2929.12(D) specifies the factors indicating a "greater likelihood of recidivism," as follows:

The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a

> prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
>
> (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
>
> (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
>
> (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
>
> (5) The offender shows no genuine remorse for the offense.

R.C. 2929.12(E) specifies the factors indicating a "lesser likelihood of recidivism," as follows:

> The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
>
> (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
>
> (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
>
> (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
>
> (4) The offense was committed under circumstances not likely to recur.
>
> (5) The offender shows genuine remorse for the offense.

*C. Analysis*

{¶ 13} We first consider pursuant to R.C. 2953.08(G)(1) whether the trial court made the affirmative findings required as a matter of law by R.C. 2929.13(D)(2)(a) and (b). The trial court at the resentencing hearing read aloud R.C. 2929.13(D)(2)(a) and (b).

After reviewing the total time appellee had been imprisoned, the trial court made the following findings:

> In accordance with [R.C.] 2929.13, the Court has reviewed those seriousness and recidivism factors that the Court is required to consider in [R.C.] 2929.12, including the physical and mental injuries suffered by the victim in this case, which there's no doubt about that—the victim suffered serious physical harm and mental harm.
>
> This gentleman held no public office. His occupation really had nothing to do with what was going on. He had—other than being a student, there's no professional reputation to be reviewed. He had no relationship with the victim in this case. It was not committed for hire. It wasn't—it doesn't appear to be any racial, ethnic or other factor that would enter into—their religion or anything else from that perspective.
>
> So those factors—in reviewing those factors, the Court finds that a sentence of community control would not be prohibited.
>
> The Court is also to consider the following factors in—that may apply regarding the offender, the offense, and the victim in this case.
>
> Certainly, the victim in this case did nothing to warrant what occurred here. It should not occur to anyone what occurred to her in this case.
>
> It's obvious—the offender acted under strong provocation? There's no indication in the Court's opinion that he was provoked in any manner to do what occurred here. It was—in reviewing the record—drug-induced. It was not something that the victim had done in this case.
>
> There are substantial grounds to mitigate the offender's conduct, although they are not enough to constitute a defense. There's no doubt that based upon what I've read about the defendant and what I've read from the medical folk and from the psychologist and from the victim, the defendant's statement and his conduct when in jail—while he was in jail, that this was not something that was planned or intended. It occurred. It did occur, and it's something that should not have occurred. It was not planned.
>
> It was not planned. It was not intended.
>
> With respect to any mitigating grounds, the only mitigating grounds here that the Court really took into strong

consideration were the facts that, number one, the defendant was a successful student at Ohio State at the time. While there was information contained in the record that he had previously experimented with some drugs, there was no history of drug use or misconduct on his part, and I think the Court weighed that and considered that in determining what would be the appropriate sanction in this case.

He was not under the—*the Court has to look at all of those factors and any other relevant factors indicating whether this offender is likely to commit this offense in the future.*

Given what I reviewed in February and given what I've reviewed in addition today, and prior to today, *I don't believe there is a strong likelihood that he will reoffend or commit this offense in the future*, and I know that doesn't help the victim in this case, but I'm to consider all of that.

Based upon his conduct since this offense occurred, while counsel for the State, Mr. Litle, you stated that he did not apologize or—I thought that occurred at the previous sentencing, maybe I missed it, but I thought it occurred, and I think it occurred here today. While I think different folk apologize differently, I think the Court has to gauge and make a determination of the sincerity of that, and he has never said he did not commit the offense.

From day—from—in reading the information, I guess it was ten days after he was arrested and was at Twin Valley that he fully confessed to doing it and also stated to the probation department that the victim in this case had no—did nothing to him, zero. Nothing. And that it was something that he did.

And I think that all of that goes to show, number one, acceptance of responsibility for it, and part of that is remorse for what has been done.

Given all of the factors that the Court is required to consider—and even given the magnitude of the offense—when I apply those standards I'm to apply in this case—in this case, *I find that the sanctions imposed by the Court do not demean the seriousness of the offense*, and I'm taking nothing away from the seriousness of the offense, but I feel that the penalties that the Court has imposed do not in this particular case demean the seriousness.

(Emphasis added.)  (Jan. 2, 2014 Tr. 15-19.)

{¶ 14} The trial court then imposed sentence upon appellee and verbally noted that "the Court has considered the factors required in [R.C.] 2929.13." (Tr. 20.)   Upon being asked by appellee's attorney whether "[j]ust for the record, does the Court also find that pursuant to [R.C.] 2929.13(D)(2)(a) that *the community control sanction is adequate to punish Mr. Fisher*," the trial court responded "I do so find." (Emphasis added.) (Tr. 20.)

{¶ 15} The state contends that the trial court failed to make the findings required by R.C. 2929.13. First, the state contends the trial court failed to find, pursuant to R.C. 2929.13(D)(2)(a), that the imposition of community control would protect the public from future crime and failed to expressly state that the R.C. 2929.12 factors demonstrating a "lesser recidivism" risk outweighed the "greater recidivism" factors. Second, the state contends that, although the trial court did find that the imposition of community control would not demean the seriousness of the offense, it failed to expressly find that the R.C. 2929.12 factors indicating appellee's conduct was "less serious" outweighed those factors indicating his conduct was "more serious."

{¶ 16} In *Milhoan II*, we found that, "while R.C. 2929.13(D)(2) requires express findings that include a general declaration that the court has weighed the R.C. 2929.12 factors as directed by R.C. 2929.13(D)(2)(a) and (b), any further explanation by the trial court is optional because it constitutes the expression of 'reasons' that are no longer required by statute." *Id.* at ¶ 44. *See also State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 44 (" 'A trial court's rote recitation that it has considered applicable factors satisfies the court's duty to follow the relevant statutes in sentencing an offender.' "), quoting *State v. Easley*, 10th Dist. No. 08AP-755, 2009-Ohio-2984, ¶ 19; *State v. Stevens*, 1st Dist. No. C-130278, 2013-Ohio-5218, ¶ 12 (finding that the trial court's consideration of R.C. 2929.12 factors was presumed absent an affirmative demonstration to the contrary). As the trial court's consideration of the individual factors listed under R.C. 2929.12 are not "findings" required by R.C. 2929.13, the trial court need not " ' "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." ' " *Saur* at ¶ 44, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). The trial court's weighing of the R.C. 2929.12 factors vests the trial court with the discretion to " 'determine the weight to assign a particular statutory factor.' " *Saur* at ¶ 46, quoting *Arnett* at 215.

{¶ 17} The italicized portions of the excerpted transcript above establish that the trial court made the necessary affirmative findings required by R.C. 2929.13(D)(2)(a) and (b). The trial court explicitly found that the imposition of community control sanctions would be "adequate to punish" appellee and that it was unlikely that appellee would "reoffend or commit this offense in the future." (Tr. 17-18, 20.) The trial court also found that the imposition of community control sanctions would not "demean the seriousness of the offense." (Tr. 19.) The court referenced its consideration of R.C. 2929.12 factors and determined that the factors weighed in favor of the imposition of community control. *See Milhoan II* at ¶ 22; *Stevens* at ¶ 12. Accordingly, pursuant to R.C. 2953.08(G)(1), we find that the trial court made the required findings and overrule the state's first assignment of error.

{¶ 18} We next examine, pursuant to R.C. 2953.08(G)(2)(a) and (b), whether the record by clear and convincing evidence does not support the trial court's findings or is otherwise contrary to law. The state first argues that the trial court erred in finding that the "less serious" factors under R.C. 2929.12(C) outweighed the "more serious" factors under R.C. 2929.12(B). Appellee responds that, even where the trial court failed to explicitly recite the factors in the above sections, the trial court nonetheless engaged in an appropriate analysis and made findings supported by the record.

{¶ 19} In *Milhoan II*, we found that, in determining whether the offender's conduct was "less serious than the conduct normally constituting the offense," the trial court was not limited to consideration of the specific factors listed under R.C. 2929.12(C) but also was able to consider "any other relevant factors" in addition to "the general catch-all 'less serious' mitigating factors contained in R.C. 2929.12(C)(4)." *Id.* at ¶ 27. The record demonstrates that the trial court reviewed a variety of factors, including medical and psychological factors and appellee's statements, in making its determination that the less serious factors outweighed the more serious factors. Contrary to the state's contentions, the trial court need not specifically detail its reasoning underlying its determination that the less serious factors outweighed the more serious factors pursuant to R.C. 2929.13(D)(2)(b). Here, although the trial court did not include a formulaic recitation on the record that the less serious factors outweighed the more serious factors, the record reflects that the trial court undertook a detailed examination of the factors and concluded

that they weighed in appellee's favor. *See Milhoan II* at ¶ 21, 27; *Stevens* at ¶ 12. Finally, although the state asserts in its reply brief that the conditions found in this case are dissimilar from other cases in which the "less serious" factors outweighed the "more serious" ones, the trial court was free to consider all relevant factors pursuant to R.C. 2929.12(C) and was not required as a matter of law to agree with the state's comparison to other cases. *See Milhoan II* at ¶ 27.

{¶ 20} The state finally asserts that the record does not support the trial court's determination that community control sanctions would adequately punish the offender and protect the public from future crime because the factors indicating a "lesser likelihood of recidivism" under R.C. 2929.12(E) did not outweigh the factors indicating a "greater likelihood of recidivism" under R.C. 2929.12(D). Additionally, the state contends the trial court erred because the record clearly and convincingly does not support the trial court's reasoning that, "[w]hile there was information contained in the record that [appellee] had previously experimented with some drugs, there was no history of drug use or misconduct on his part, and I think the Court weighed that and considered that in determining what would be the appropriate sanction in this case." (Tr. 17.)

{¶ 21} R.C. 2929.12(D)(4) provides that there is a "greater likelihood of recidivism" if "[1] The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, *and* [2] the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug and alcohol abuse." (Emphasis added.) With regard to the first prong, the record reveals appellee admitted that he committed the offense in question in connection with abuse of illegal drugs and clearly reflects that appellee had a history of drug use related to the offense. Therefore, we agree with the state that the record clearly and convincingly does not support the trial court's determination that appellee did not have a history of drug abuse under R.C. 2929.12(D)(4). With regard to the second prong, the trial court did not expressly make a determination as to whether appellee refused to acknowledge that he has demonstrated a pattern of drug or alcohol abuse or whether appellee refused treatment for drug and alcohol abuse. Nevertheless, because the trial court's finding with regard to the first prong was not supported by the evidence, it is not necessary for us to address the second prong further.

{¶ 22} As noted earlier, the trial court need not specifically detail its reasoning underlying its determination; nevertheless, the record clearly and convincingly does not support the trial court's express finding that appellee did not have a "history of drug use or misconduct." Thus, we sustain the state's second assignment of error. Upon remand, the trial court must consider, pursuant to R.C. 2929.12(D)(4), whether appellee has demonstrated a pattern of drug or alcohol abuse that is related to the offense *and* whether appellee refuses to acknowledge that he has demonstrated that pattern or refuses treatment for the drug and alcohol abuse. Once considered, the trial court must determine whether these factors contribute to a "greater likelihood of recidivism" and weigh them against the factors indicating a "lesser likelihood of recidivism" in order to make a finding pursuant to R.C. 2929.13(D)(2)(a). See *State v. McLemore*, 136 Ohio App.3d 550, 553 (3d Dist. 2000).

## IV. Third Assignment of Error—Whether Sentencing Contrary to Law

{¶ 23} In its third assignment of error, the state asserts that the trial court's imposition of community control is contrary to law because appellee cannot overcome the statutory presumption in favor of imprisonment. The state requests that we remand the cause to the trial court with an instruction to impose a prison sentence on appellee. As we noted in our prior decision, "[w]e have consistently rejected similar arguments by the state," and we find no cause to deviate from our prior ruling. *Fisher* at ¶ 10. *See also Milhoan II* at ¶ 35; *Milhoan I* at ¶ 9.

{¶ 24} Accordingly, we overrule the state's third assignment of error.

## IV. Disposition

{¶ 25} Having sustained the state's second assignment of error and overruled its first and third assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case to that court for resentencing in compliance with this decision and the applicable statutory sentencing guidelines.

*Judgment reversed and cause remanded for resentencing.*

CONNOR and LUPER SCHUSTER, JJ., concur.

_____