[Cite as *State v. Townsend*, 2019-Ohio-1442.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee, | : | No. 107458 |
| v. | : | |
| MICHAEL R. TOWNSEND, JR., | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 18, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-601492-B

*Appearances:*

Brian A. Smith, *for appellant.*

Michael C. O'Malley, Prosecuting Attorney, Blaise D. Thomas and Hannah Smith, Assistant Prosecuting Attorneys, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Michael R. Townsend, Jr., appeals from a judgment of the Cuyahoga County Common Pleas Court that imposed a 28-year prison term for his orchestration of a home invasion that ended with the death of Joshua Freeman. Townsend argues his long prison term is not supported by the record. Having

reviewed the applicable law and the record before us, we affirm the trial court's judgment.

**Substantive and Procedural Facts**

{¶ 2}   In June 2015, Townsend purchased a Kia for $5,000.  Townsend did not know the seller, but Townsend's friend, Joshua Freeman, the victim in this case, vouched for the seller.  When Townsend went to the BMV to obtain a temporary license for the vehicle, he found out that the vehicle had been stolen.  Townsend contacted both the seller and Freeman, but both men refused to return his money to him.

{¶ 3}   A month later, on July 20, 2015, Townsend saw Freeman posted a video on Instagram of himself with a wad of cash.  Townsend was enraged, believing the money came from his payment for the stolen vehicle. On the same day, he arranged for his friends, Roscoe Simmons and Shawn Ladson, to go to Freeman's house with him, instructing them to arm themselves with guns.  In the middle of the night, the three men went to Freeman's apartment but were unable to gain access to the apartment initially.  They drove away and then came back with a crow bar, which they used to break into Freeman's apartment.  Freeman's fiancée and three-year-old daughter, as well as Freeman's housemate and the man's girlfriend, were asleep in the apartment.  Simmons wore a red bandana over his face, and Ladson pulled his hoody over his face, while Townsend was undisguised.  The home invasion ended with Freeman being shot to death by one of Townsend's accomplices. The events leading to Freeman's death is described by this court as follows in *State v. Ladson*,

8th Dist. Cuyahoga No. 105914, 2018-Ohio-1299, where this court affirmed Ladson's convictions in his role in Freeman's death:

> Around 2:00 a.m., [Freeman and his fiancée awoke to the sound of commotion coming from inside the apartment. When Freeman opened the bedroom door to investigate the noise, a man stood in the doorway pointing a gun at Freeman. The man, who was eventually identified as Townsend, entered the room. Townsend began arguing with Freeman and demanded to know where the cash was that Freeman showed on Instagram earlier in the day. After Freeman denied having the money, Townsend threatened to kill the couple's daughter if Freeman did not give him the money.
>
> At the same time, [Freeman's housemate and the man's girlfriend], who were asleep in the other bedroom, woke up when two men kicked in [their] bedroom door and ordered [the housemate] to get on the ground. The men demanded to know where the money was and threatened [Freeman's housemate] with a gun and a crowbar. At one point, one of the men reached over and grabbed two of [the housemate's] designer belts, which [the housemate] estimated to be worth over a few hundred dollars apiece. After [he] told the men that there was no money in the apartment, both left the bedroom for a moment. One of the men then returned and ordered [him] to crawl to Freeman's bedroom.
>
> When the two men and [Freeman's housemate] entered Freeman's bedroom, the men continued threatening Freeman. At some point during the argument, one of the men shot Freeman. After the shot went off, all three men ran from the apartment.

*Ladson* at ¶ 7-9.

{¶ 4} Townsend and his accomplices were charged in a 20-count indictment, which included charges of aggravated murder, aggravated burglary, aggravated robbery, and felonious assault. While Ladson opted for trial, Townsend and Simmons pleaded guilty and, as part of their plea agreement, agreed to testify against Ladson at Ladson's trial. The prosecutors agreed to a 15-30 years sentence range for Townsend.

{¶ 5} Townsend pleaded guilty to reduced charges of voluntary manslaughter, complicity in aggravated burglary, complicity in aggravated robbery, and felonious assault. The trial court, who also presided over Ladson's trial and Simmons's plea hearing, sentenced all three defendants as follows: Townsend received a total prison term of 28 years; Ladson, 31 years to life; and Simmons, 22 years. Townsend's sentence included 11 years for voluntary manslaughter, three years for aggravated burglary, three years for aggravated robbery, eight years for felonious assault, and three years for the gun specifications accompanying each of those counts. These prison terms are within the statutory range of the offenses and the total term is also within the sentence range agreed to by the parties in Townsend's plea agreement.

{¶ 6} Townsend filed a delayed appeal from his sentence, which this court allowed. He assigns one error for our review:

{¶ 7} The record does not support the imposition of the 28-year prison sentence upon appellant.[1]

_____

[1] In *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791 (8th Dist.), this court, citing *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, held that a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1). *Id.* at ¶ 29. *Grant*'s holding is based on R.C. 2953.08(D)(1) ("[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, [and] has been recommended jointly by the defendant and the prosecution in the case * * *") and the notion that range agreements are no different than specific term agreements. We recognize some panels from this court have held that such sentences are not reviewable and consequently the appeal should be dismissed. *See, e.g.*, *State v. Word*, 8th Dist. Cuyahoga No. 107235, 2019-Ohio-795. However, because Townsend is not challenging the consecutive nature of his sentence as did the defendant in *Grant* and the state does not claim Townsend's sentence is not

**Felony Sentence Review: R.C. 2929.11 and 2929.12**

{¶ 8} In reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly" find that the record does not support the sentencing court's statutory findings under certain statutes (not relevant in this appeal) or the sentence is "otherwise contrary to law."

{¶ 9} Under the precedents from this court, a sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *See, e.g., State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 14, and *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 10} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the sentence imposed shall be "reasonably calculated" to achieve these purposes, "commensurate with and not

---

reviewable, and, the Supreme Court of Ohio has not prohibited review when the jointly recommended sentence is a range of sentence as opposed to a specific term, we will proceed to review Townsend's claim that his sentence is not supported by the record.

demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 11} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court is to consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *See, e.g., State v. Hamilton*, 8th Dist. Cuyahoga No. 102870, 2016-Ohio-1376, ¶ 14.

{¶ 12} The seriousness factors include the physical or mental injury suffered by the victim, the offender's relationship with victim, and whether there are substantial grounds to mitigate the offender's conduct. R.C. 2929.12(B) and (C). The recidivism factors include any relevant factors that indicate whether an offender is likely to commit future crimes, such as the offender's prior juvenile delinquency adjudication and criminal history, the offender's drug or alcohol abuse, whether the offender responded to previously imposed sanctions, and whether the offender demonstrated remorse for the offense. R.C. 2929.12(D) and (E).

{¶ 13} R.C. 2929.11 and 2929.12 are not fact-finding statutes, and therefore, although the sentencing court has a mandatory duty to consider the statutory factors under R.C. 2929.11 and 2929.12, it is not required to make any factual findings under R.C. 2929.11 or 2929.12. *See, e.g., State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 16, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. A trial court's statement in its sentencing journal entry that it considered the required statutory factors sufficiently fulfills its obligations under

R.C. 2929.11 and 2929.12. *See, e.g., State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.), and *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 11.

**Analysis**

{¶ 14} Under the assignment of error, Townsend argues the trial court improperly sentenced him to 28 years of prison time out of a range of 18-30 because the court's findings regarding the seriousness of his conduct (R.C. 2929.12(B) and (C)) and his recidivism (R.C. 2929.12(D) and (E)) are not supported by the record.

{¶ 15} The trial court here stated in its journal entry that it considered all required factors of the law and prison is consistent with the purpose of R.C. 2929.11. Our review of the transcript of the proceeding also reflects the trial court carefully considered the seriousness and recidivism factors enumerated in R.C. 2929.12 before imposing the 28-year prison term. Because Townsend's sentence is within the statutory range and the trial court considered the requisite factors, his sentence is not "contrary to law."

{¶ 16} We are aware that this court, in *State v. Jones*, 2018-Ohio-498, 105 N.E.3d 702 (8th Dist.), held that pursuant to *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23, the appellate court's scope of review also includes reviewing the record to determine if the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. However, *Jones* has been accepted by the Supreme Court of Ohio for review and held for that court's review of *State v. Gwynne*, 5th Dist. Delaware No. 16 CAA 12 0056, 2017-Ohio-7570.

*State v. Jones*, 153 Ohio St.3d 1474, 2018-Ohio-3637, 106 N.E.3d 1260. The issue in these two cases to be decided by the Supreme Court of Ohio is whether R.C. 2953.08(G)(2) allows a court of appeals to review the trial court's findings made pursuant to R.C. 2929.11 and 2929.12.

{¶ 17} Even if we review the record and apply *Marcum* as interpreted by *Jones*, we are unable to conclude the trial court's findings here under R.C. 2929.11 and 2929.12 are not clearly and convincingly supported by the record.  In making this determination, we bear in mind that how a sentencing judge decides to weigh and apply those factors to a particular case is an exercise of discretion. *State v. McCoy*, 8th Dist. Cuyahoga No. 107029, 2019-Ohio-868, ¶ 19, citing *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10, and *State v. Anderson*, 8th Dist. Cuyahoga No. 103490, 2016-Ohio-3323, ¶ 9.

{¶ 18} Regarding the seriousness factors under R.C. 2929.12(B) and (C), Townsend argues certain mitigating factors should weigh in his favor: he voluntarily surrendered to the police and cooperated with the police in its investigation, and he fully complied with the terms of the plea agreement and testified against a codefendant despite receiving threats to him and his family.

{¶ 19} Regarding recidivism factors, Townsend focuses on factors enumerated in R.C. 2929.12(D)(4) (alcohol or drug abuse) and (E)(5) (expression of remorse), respectively.  R.C. 2929.12 states, in pertinent part:

> (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

\* \* \*

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

\* \* \*

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

\* \* \*

(5) The offender shows genuine remorse for the offense.

{¶ 20} Townsend points out that when he addressed the trial court at his sentencing, he acknowledged he had been drinking prior to the incident and he acted out of an alcohol-fueled rage. He also acknowledged at sentencing that he had a drinking problem and vowed not to drink again in the future. In addition, Townsend points out that he showed genuine remorse for the offense. He argues these two factors should weigh heavily in his favor.

{¶ 21} Regarding the seriousness factor, our review of the sentencing transcript shows that the trial court, who had presided over codefendant Ladson's trial, emphasized the horrific nature of the home invasion orchestrated by Townsend. He and his accomplices broke into the victim's apartment in the middle of the night, terrorizing two other occupants and forcing one of them to crawl into the victim's bedroom before shooting the victim, which was witnessed by the victim's three-year-old daughter. The court called the events of the evening "a horror story" and stressed that it was Townsend who set into motion the death of

Freeman, whom Townsend had considered a cousin. The court concluded that "the seriousness factors all weigh against you."

{¶ 22} As to the recidivism factors, the court prefaced its analysis with the statement that "[t]he purposes of felony sentencing are to protect the public from future crime by you." The court then reviewed Townsend's lengthy criminal history, which began when he was only 11 in 2000. He was placed on probation but violated his probation. In 2002, he was found delinquent for assault and menacing; he was placed on probation but again violated his probation. In 2003, he was adjudicated delinquent for robbery. He also violated his probation conditions for that offense. In the same year, he was also found delinquent for domestic violence and criminal damaging. In 2005, he was found delinquent for assault and spent time at the juvenile detention center. After turning 18, he served time in prison in 2007 and 2008 for various offenses. He also went to prison for violating his probation in a 2011 case. The court commented that Townsend's repeated probation violations reflected a disregard for the law. The court also noted that his PSI showed that he rated at the highest level on every single criteria regarding reoffending. The court concluded that, based on the R.C. 2929.12 factors, Townsend is highly likely to reoffend.

{¶ 23} Townsend complains that the trial court failed to weigh R.C. 2929.12(D) (4) (alcohol abuse) and 2929.12(E)(5) (expression of remorse) in his favor. Regarding the R.C. 2929.12(D)(4) factor (alcohol abuse), the transcript reflects that the trial court stated, addressing Townsend, "You're putting alcohol in

there. * * * A recidivism factor that weighs against you is having a known problem with alcohol or drugs and not addressing it. So you do bear responsibility there." The trial court however credited his new resolve, stating, "You know [what] you did today that I give you credit for, is admitting what is a very serious bad relationship with alcohol. You did surprise me today. I'll tell you that." Thus, the transcript indicates that, in weighing the (D)(4) factor, the trial court considered Townsend's abuse of alcohol and failure to address it in the past and the role of his alcohol use in the incident, but also credited his acknowledgement of his past abuse and determination to abstain from alcohol in the future.

{¶ 24} Regarding the remorsefulness factor in R.C. 2929.12(E)(5), the transcript reflects Townsend stated at sentencing that he was "terribly sorry" for what happened and also apologized to the victim's family present in the court room. The trial court acknowledged his expression of remorse, saying to Townsend, "I heard your attorney say that you were remorseful. I didn't know you were remorseful until I heard words coming out of your own mouth" and "I hope that any contrition, remorse and restoration with you continues."

{¶ 25} The record before us thus reflects the trial court's consideration of the recidivism factors of alcohol abuse and expression of remorse and our review shows the findings are supported by the record. Townsend essentially asks us to reweigh these factors in his favor on appeal. However, the trial court is vested with the discretion to determine the weight to assign a particular statutory factor under R.C. 2929.12. *State v. Fisher*, 10th Dist. Franklin No. 13AP-995, 2014-Ohio-3887, ¶ 16.

That discretion rests solely with the trial court. *State v. Jones*, 8th Dist. Cuyahoga No. 104152, 2016-Ohio-8145, ¶ 14. We are unable to conclude, by clear and convincing evidence, that the trial court's findings are not supported by the record.

{¶ 26} For all the foregoing reasons, we find Townsend's assignment of error to be without merit and affirm the judgment of the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)


SEAN C. GALLAGHER, P.J., DISSENTING:

{¶ 27} Although I agree with much of the analysis presented in the majority opinion, I am unable to agree with the majority's justification in paragraph 7, footnote 1 for reviewing the sentence. The legislature has prescribed the limits of

felony-sentence review, and pursuant to R.C. 2953.08(D)(1), we have no authority to review the sentence in this matter.

{¶ 28} The transcript clearly reflects that at the time of the plea, the parties jointly recommended a sentencing range of 18 to 28 years. The parties later amended the jointly recommended sentencing range to 15 to 30 years. The trial court ultimately imposed an aggregate prison term of 28 years, which was within the jointly recommended sentencing range.

{¶ 29} R.C. 2953.08(D)(1) generally precludes review of a jointly recommended sentence imposed by the trial court. *State v. Word*, 8th Dist. Cuyahoga No. 107235, 2019-Ohio-795, ¶ 4. R.C. 2953.08(D)(1) provides:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 30} There is no question that the sentence imposed by the trial court was a jointly recommended sentence. "[I]f a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. *Id.*, quoting R.C. 2953.08(D)(1). A sentence is "authorized by law," and is therefore not appealable within the meaning of R.C. 2953.08(D)(1), "'if it comports with all mandatory sentencing provisions.'" *Sergent* at ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. Here, the aggregate term of imprisonment imposed by the court and to which Townsend

agreed is authorized by law and, therefore, is not subject to appellate review. R.C. 2953.08(D).

{¶ 31} Furthermore, "[t]hat appellant agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial." *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 23 (8th Dist.). "Where a defendant agrees to a sentencing range, he implicitly agrees to all definite sentencing possibilities within that range. * * * 'If [the defendant] believed a sentence at the top end of that range was improper, [he] should not have accepted a plea deal that authorized it.'" *Id.* at ¶ 31, quoting *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4. Moreover, "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *Grant* at ¶ 25, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. "Range agreements are no different than specific term agreements; they are both negotiated agreements based on a quid pro quo arrangement where each side gives up something in exchange for being bound by the terms of the agreement." *Grant* at ¶ 18. Consistent therewith, Ohio courts have repeatedly recognized that a sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review. *Grant* at ¶ 23, citing *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *Connors* at ¶ 4; *State v. James*, 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, ¶ 9; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109,

2008-Ohio-2480, ¶ 7-9 (all finding sentence imposed within a jointly recommended sentencing range that was authorized by law was not subject to review on appeal).

{¶ 32} Because the trial court imposed a jointly recommended sentence that was authorized by law, it is not reviewable on appeal pursuant to R.C. 2953.08(D)(1).  Accordingly, I must dissent.