[Cite as *State v. Gooden*, 2019-Ohio-2917.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :
                            No. 107691

v.                                      :

CHARLES GOODEN,                         :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 18, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-624367-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Thomas A. Rein, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Charles Gooden ("Gooden") appeals his convictions for multiple sexual assault and related charges involving a victim under the age of 13 years old. We affirm the trial court's judgment.

## I.  Background and History

{¶ 2}  On January 5, 2018, Gooden was indicted for multiple rape and kidnapping charges including sexual motivation specifications and witness intimidation.  On July 19, 2018, Gooden entered a guilty plea to:

> Rape, R.C. 2907.02(A)(2), a first-degree felony, as amended in Counts 1 and 3 of the indictment;

> Attempted rape, R.C. 2923.02/2907.02(A)(2), a second-degree felony as amended in Count 5 of the indictment;

> Intimidation of crime victim or witness, R.C. 2921.04(B), a third-degree felony, as charged in Count 8 of the indictment.

Journal entry No. 104672454 (July 19, 2018).  Counts 2, 4, 6, and 7 were nolled.

{¶ 3}  The charges involved alleged sexual activity between then 14-year-old Gooden and a 10-year-old female relative.  Gooden is charged as an adult because he was 21 years of age at the time of the disclosure.  According to the record, the date of the offense is listed as January 1, 2013, and the case was filed December 19, 2017, nine days after Gooden's twenty-first birthday.

{¶ 4}  The morning of the July 19, 2018 trial date, Gooden waived his right to a jury trial and the parties discussed the charges and a potential plea agreement.  During that exchange, defense counsel stated for the record:

> It's also my understanding between discussions with the [c]ourt and the prosecutor and myself, and I advised my client as well, that the [c]ourt is looking between five and seven years as a sentence in this case to run concurrent with the three years he's already received on his three other cases, I believe.  So, based upon that, he does want to plead guilty at this time.

(Tr. 13.)  The state added, "just to be clear, there wasn't an agreed sentence between the parties."  *Id.*

{¶ 5}  The following exchange occurred during the colloquy:

Court:  Has anyone made you any promises, threatened you, or offered you anything in order to cause you to enter into this plea other than what we've put on the record today in open court?

Defendant:  Yes.

Court:  What's that?

Defendant:  What me — what we discussed earlier?

Defense Counsel:  The possible sentence we discussed.

Court:  Yeah, that's been put on the record.  Anything else?

Defendant:  No.

(Tr. 15-16.)

{¶ 6}  The court again asked Gooden whether he had "any questions about this case or this hearing you'd like to have answered?"  (Tr. 17.)

Defense Counsel:  I don't think he understood what [the prosecutor] said, that there is not any agreed or recommended sentence on behalf of the [s]tate. That the discussions we had were in chambers with [the prosecutor] and he understood that.

Prosecutor:  Yeah.

Court:  Oh, Okay.

*Id.*

{¶ 7}  An off-the-record conversation between Gooden and defense counsel ensued.  The plea colloquy was subsequently completed, a finding of guilt

was entered, and sentencing scheduled for August 15, 2018. As the result of a scheduling error, on August 14, 2018, the parties appeared, and the trial court was advised that Gooden wanted to withdraw his plea because an exculpatory photograph of Gooden and the victim had been discovered. Gooden claimed that the photograph depicted him with the victim in a positive light, and the victim was smiling and did not appear to be uncomfortable or intimidated. Defense counsel had not seen the photograph. The sentencing was continued, and the withdrawal motion filed. The victim and her mother planned to address the trial court at sentencing.

{¶ 8} At the August 21, 2018 hearing on the motion and scheduled sentencing, defense counsel advised the trial court that his office had been informed that Gooden's brother had a copy of the photograph and was reportedly at the trial court. The brother could not be located. The defense reiterated Gooden's position that the photograph was reportedly exculpatory. The trial court announced that the photograph "could be mitigatory, but I doubt that's exculpatory." (Tr. 26.)

{¶ 9} The state opposed the withdrawal motion.

> There's a family relationship. They're cousins. And one of the key pieces of evidence in this case actually came while he was locked up in county jail. There was a phone call recording where he called home to speak with the victim in this case. And he was trying to get her to lie, essentially. Write a note. My girlfriend will come over and pick it up.

> And in that conversation similar to what he's describing now, maybe there's a picture that [sic] they look [congenial]. She's talking to him. But when you talk to her and you get down to it, she has a fear of him. She's extremely fearful. She goes along with what he has to say out of fear for who he is.

You have a PSI. You've become aware of his criminal history. She too is aware of that criminal history. She knows who his friends are. So whether she's with him smiling in a picture I would argue is irrelevant to the facts and circumstances to what happened privately between the two of them as far as abuse goes.

I would oppose the plea. He was advised of the nature of the charges. He was advised of all of his rights. Criminal Rule 11 was complied with. This isn't information that is new. You know, he's been aware of this. He's been out there. He could have presented it early in the case.

(Tr. 27-28.)

{¶ 10} Defense counsel countered that he had also listened to the jail recording and that Gooden "asked [the victim] basically to make a statement about what happened, but he did not intimidate her or threaten her." (Tr. 32.) Gooden added that he only agreed to the plea because the trial court informed him that he "could lose [the case] from just [the victim's] word" and he "didn't have the picture [or other evidence] to present in court." (Tr. 29.) Defense counsel also asked that the trial court considered Gooden's age at the time of the incident in mitigation and run Gooden's sentence current with the three-year sentenced he had just received in another case.

{¶ 11} The victim decided not to speak at the sentencing. The withdrawal motion was denied. Gooden was sentenced to a total of seven years of confinement, to run concurrently with the three-year sentence imposed with the other case, postrelease control, and was determined to be a Tier III sex offender.

## II. Law and Analysis

{¶ 12} Gooden filed this timely appeal and assigns three errors for our consideration.

I. The trial court erred in not allowing appellant to withdraw his guilty plea.

II. The record clearly and convincingly fails to support the imposition of more than a minimum sentence upon appellant.

III. The trial court erred by ordering appellant to pay costs in the sentencing journal entry when it said nothing about the issue on the record.

## A. Withdrawal of Guilty Plea

{¶ 13} Gooden first challenges the court's refusal to allow withdrawal of his guilty plea. We apply an abuse of discretion standard to our review. "For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 14} Crim.R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521, 526-527, 584 N.E.2d 715 (1992). "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a plea." *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶ 15} However,

"[e]ven though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (Citations omitted.)

*State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980).

{¶ 16} In determining whether the trial court abused its discretion by denying a defendant's motion to withdraw a plea, we consider the following factors: (1) whether the accused was represented by competent counsel; (2) whether the accused was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea; (3) when, after the motion to withdraw was filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request. *Peterseim* at paragraph three of the syllabus.

{¶ 17} The record reflects that the *Peterseim* elements have been met in this case. There is no claim or evidence that defense counsel was incompetent. The trial court fully complied with Crim.R. 11, therefore, the plea was knowingly, voluntarily and willingly made. In fact, the record reflects that the trial court allowed a recess so that Gooden and defense counsel could discuss the sentencing possibilities after defense counsel indicated that Gooden was confused. Gooden entered his plea after completion of the discussion with counsel.

{¶ 18} After the oral motion to withdraw was propounded at the scheduling error date, the trial court continued the case to allow time for Gooden to file a written motion and to receive a full hearing on the issues. The allegedly exculpatory photograph was not produced at the full hearing, though the purpose and content were discussed on the previous date during introduction of the oral motion and again at the full hearing. The trial court stated on the record that the content of the photograph would possibly be mitigating but would not be exculpatory.

{¶ 19} During the hearing, the parties also presented their position on the recorded jail call between Gooden and the victim during which Gooden asked the victim to write a note about the charges. The state offered that the jail call was to urge the victim, who was allegedly afraid of Gooden, to provide an exonerating statement. Defense counsel stated that he also listened to the recording and that no intimidation was involved. The state also explained that the intimidation charge did not arise from the jail call but was related to Gooden's threat to the victim when the illegal conduct occurred that caused her to remain silent because the victim was familiar with Gooden's criminal activities.

{¶ 20} It is clear from the record that Gooden was afforded a complete and impartial hearing and that the trial court gave full and fair consideration to the plea withdrawal request. After a thorough review of the record, we do not find that the trial court abused its discretion by denying the motion to withdraw. The first assignment of error is overruled.

**B. Sentence**

{¶ 21}   Gooden next argues that the record does not support the imposition of more than a minimum sentence.  We disagree.

{¶ 22}   "[A]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

> Appellate review of felony sentences is governed by R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.   R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law.   A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.   *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

{¶ 23}   Gooden concedes that the sentence is within the statutory range for the offenses, so the remaining inquiry is regarding the trial court's consideration of R.C. 2929.11 and 2929.12.

> R.C. 2929.11(A), governing the purposes and principles of felony sentencing, provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing:  (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes.  Furthermore, the sentence imposed shall be "commensurate with and

not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

R.C. 2929.12 delineates the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

*Id.* at ¶ 9-10.

{¶ 24} According to the record, at the age of 21, Gooden possesses a relatively extensive criminal history. According to the presentence investigation report ("PSI"), Gooden's adult criminal history includes several drug possession and trafficking convictions, receiving stolen property, and criminal tools possession for which prison sentences have been imposed. The victim was ten years old at the time of the sexual assault and did not report the abuse because of threats by Gooden. The PSI also recites Gooden's claim that the victim reported the conduct because she was angry with him and opines that he refuses to take responsibility for his actions.

{¶ 25} This court has previously held that

a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors" [*State v.*] *Smith,* 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders,* 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens,* 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones,* 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

*Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, at ¶ 11.

{¶ 26} We have also held that "[a] trial court's statement in its sentencing journal entry that it considered the required statutory factors sufficiently fulfills its obligations under R.C. 2929.11 and 2929.12." *State v. Townsend*, 8th Dist. Cuyahoga No. 107458, 2019-Ohio-1442, ¶ 13, citing *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 16 (8th Dist.), and *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 11. The sentencing journal entry states that "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." *Martin* at ¶ 16. The sentence in this case is not contrary to law and is supported by the record. Journal entry No. 105133272 (Aug. 22, 2018), p. 1. Although the second assigned error is without merit.

### C. Payment of Costs

{¶ 27} Gooden's final assigned error contends that the sentencing entry requires that Gooden pay costs though the subject was not addressed on the record. Prior to the Ohio Supreme Court's decision in *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, we were required to remand the case to the court for a sentencing hearing solely to allow the trial court to move for waiver of payment. However, under *Beasley*, we no longer need to remand to the trial court to hold a sentencing hearing for Gooden to move for a waiver of the payment of costs. Gooden can file a motion on his own to move for the waiver of costs.

{¶ 28} The third assigned error is overruled.

## III. Conclusion

{¶ 29} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, A.J., and
RAYMOND C. HEADEN, J., CONCUR